# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## THOMAS M. POWELL v. GLEN TURNER, WARDEN

### Direct Appeal from the Circuit Court for Hardeman County
No. 06-02-0182   Joe H. Walker, III, Judge

---

### No. W2006-02139-CCA-R3-HC  - Filed May 24, 2007

---

The Petitioner, Thomas M. Powell, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to assert a ground that would entitle him to habeas corpus relief. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Thomas M. Powell, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On January 28, 1989, a Shelby County jury found the Petitioner guilty of assault to commit first degree murder, robbery with a deadly weapon and second degree murder. *See State v. Thomas Martin Powell,* No. 02C01-9206-CR-00129 (Tenn. Crim. App., at Jackson, Dec. 9, 1992). For these convictions, the trial court sentenced the Petitioner to life imprisonment as a range II offender for the offense of assault with intent to commit first degree murder; to fifty years confinement as a range II offender for the offense of robbery with a deadly weapon; and to thirty-five years as a range I offender for the offense of second degree murder. *Id.* The trial court further ordered that these

sentences be served consecutively to one another. *Id.* On direct appeal, this Court affirmed the judgments except the sentence for assault to commit murder, which was vacated and remanded to the trial court for sentencing within range I. *See State v. Thomas Martin Powell*, No. 79 (Tenn. Crim. App., at Jackson, Jun. 12, 1991), *perm. to appeal denied*, (Tenn. Dec. 9, 1991). A new sentencing hearing was conducted. At the conclusion of the sentencing hearing, the trial court imposed a sentence upon the Petitioner of twenty-five years as a range I offender. *See State v. Thomas Martin Powell,* No. 02C01-9206-CR-00129. The Petitioner appealed this sentence but was unsuccessful. The Petitioner is currently confined at the Hardeman County Correctional Center in Whiteville, Tennessee.

On September 13, 2006, the Petitioner filed a petition for habeas corpus relief in the Hardeman County Circuit Court. As grounds for relief, the Petitioner alleged that the judgment of conviction was void. In support of his allegation, the Petitioner alleged that the fifty year sentence imposed by the trial court for the Petitioner's conviction of robbery with a deadly weapon is in direct contravention of section 40-35-107(6)(B), Tennessee Code Annotated. Specifically, the Petitioner argued that the trial court used factors of section 40-35-107(1), Tennessee Code Annotated, which were essential elements that constitute the offense of robbery with a deadly weapon and which were used to establish the offense as an aggravated offense. In an order entered September 19, 2006, the lower court summarily dismissed the petition. In doing so, the lower court found that "[t]he Court of Criminal Appeals addressed sentencing issues on Petitioner's direct appeal." The court additionally found that the "Petitioner's sentences have not expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate." The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment

2

to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Although an allegation that one was sentenced in clear violation of a statute may be grounds for habeas corpus relief, the Petitioner is incorrect that his sentence is in violation of the law. *See McLaney v. Bell,* 59 S.W.3d 90 (Tenn. 2001). The Petitioner asserts that the trial court improperly enhanced his sentence based on factors that constituted essential elements of the offense. The Petitioner challenged the propriety of the enhancement factors on direct appeal to this Court. *See State v. Thomas Martin Powell*, No. 79. This Court determined that the trial court properly sentenced the Petitioner. Specifically, this Court rejected the Petitioner's claim that "a range two sentence [for the offense of robbery with a deadly weapon] amounted to double enhancement." *Id.* Accordingly, this allegation for habeas corpus relief fails.

The Petitioner's sentence has not expired and the trial court was with jurisdiction to enter the judgment against him. For these reasons, the lower court's dismissal of the Petitioner's request for habeas corpus relief was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

3